(No. 2416—

MAE SMILANICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1939.*

SOLOMON AXELROD, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of Five Thousand ($5,000.00) Dollars for alleged damages to Lot Six (6) in Block Three (3) in Hubbard's Addition to the Village of Algonquin, Illinois, which she says resulted when the respondent through its Department of Highways, elevated the road on S. B. I. Route 62 along the frontage of said premises. The record indicates that the correct description should be the South Half of Lots Five (5) and Six (6). At any rate claimant's property is in the Northeast Corner of the intersection of Route 62 and River Road and is a plot of approximately 133 feet on Chicago Avenue and 66 feet on what is known as River Road. Claimant bought the land in 1927 for Five Thousand Nine Hundred ($5,900.00) Dollars. At that time it was improved with a house, three rooms below and five rooms above. Before the construction work S. B. I. Route 62 was a gravel road 20 feet in width with an open ditch 1½ feet in depth and 5 feet in width which extended the full length of claimant's property. The elevation of the ground at the property line was approximately 5 feet higher than the center line of the road at the west end of the property, 10 feet higher at the east end of the house and 12 feet higher at the east end

of the property. At no place along the street was it possible to build a vehicular entrance. The house was an old two-story frame dwelling with upper and lower entrances facing Route 62; one was to the first floor and was approximately 6½ feet above the center line of the road before the construction work. The other entrance was approximately 10 feet east on the first floor and led to the second floor and was about 12½ feet above the center line of the road before the construction work in question. An outside wooden stairway led from the entrance of the second floor to the ground line. Adjoining this was a concrete retaining wall approximately 5 feet in height and extending toward the center line of Route 62 from the house for a distance of 17 feet, where it turned east and ran parallel with Route 62 for a distance of 21 feet. Raising the road has made possible a vehicular driveway into the property at a point just east of where the house formerly stood. Claimant has torn down the old building, and the property is now unimproved except for a small shed which she later built at the rear of the premises. The County of McHenry through its Right-of-way Committee attempted to make a settlement with the owner at the time of the building of this highway. It offered to pay her Two Hundred Thirty-five ($235.00) Dollars as damages, and the State would fill her property up to grade level. Claimant declined this offer at the time and later requested the County to renew the offer which the County declined to do. Testimony was introduced by the parties and a report from the office of the Division of Highways appears in the record. In addition thereto, the court made a personal inspection of the premises in order to familiarize itself better with the evidence as it appears in the record. The testimony as to value is conflicting and confusing, and we do not deem it necessary to a decision of the case to review the evidence in detail. From a study of such evidence and from a personal inspection of the premises, the court finds that claimant has suffered resultant damages, to property not taken for public use, caused by construction of the public highway in question; further, that the proper measure of damages is the difference between the fair cash market value of the property unaffected by the improvement and its fair cash market value as affected by it.

From a consideration of all the evidence in the record and the personal inspection had of said premises, the court

further finds that Five Hundred ($500.00) Dollars is a fair and equitable and legal allowance for the damages sustained herein.

An award is therefore hereby made in favor of Claimant Mae Smilanich in full recompense of said claim.